IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LUIS TEJEDA,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI JESUP,<br><br>        Respondent. | CIVIL ACTION NO.: 2:25-cv-11 |

## REPORT AND RECOMMENDATION

Petitioner Luis Tejeda ("Tejeda"), who is incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia ("FCI Jesup"), filed a 28 U.S.C. § 2241 Petition for Writ of Habeas.  Doc. 1.  Respondent filed a Motion to Dismiss, and Tejeda filed a Response.  Docs. 6, 7.  Tejeda also filed a Motion for Emergency or Expedited Relief.  Doc. 2.  For the reasons that follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DENY** Tejeda's Petition, and **DENY** Tejeda's Motion for Emergency or Expedited Relief.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Tejeda leave to appeal *in forma pauperis*.

## BACKGROUND

Tejeda was convicted in the District Court for the Southern District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).  Doc. 6-1 at 5.  Tejeda was sentenced to 70 months in prison and has a release date of December

26, 2025, via good conduct release.  Id.  He has an active detainer that Immigration and Customs Enforcement ("ICE") lodged against him.  Id. at 1.

In his Petition, Tejeda asserts that the Bureau of Prisons ("BOP") has wrongfully denied him credit against his sentence under the First Step Act ("FSA") due to a "purported removal order[.]"  Doc. 1 at 2.  Tejeda maintains his claim is that no valid removal order exists and, therefore, his continued detention as a result of the invalid order is unlawful.  Doc. 7 at 1.

Respondent states Tejeda cannot bring his final order of removal claim in this § 2241 Petition, as the Eleventh Circuit Court of Appeals is the exclusive place to review an order of removal.  Doc. 6 at 2.  Respondent also states the Administrative Procedures Act ("APA") precludes this Court from reviewing the BOP's discretionary decisions under the FSA.  Id. at 4.

## DISCUSSION

### I.   Tejeda Cannot Challenge His Removal Order Under § 2241

The REAL ID Act was passed in 2005, and since then, "a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order."[1] Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1206 (11th Cir. 2006); 8 U.S.C. § 1252(a)(5). Congress expanded the jurisdiction of courts of appeals "to review all legal and constitutional errors in a removal order" but precluded "habeas corpus relief" in the district courts for removal orders under § 2241.  Alexandre, 452 F.3d at 1206; see also Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005) ("The provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases.").  "Thus, district courts generally lack jurisdiction to review 'all

---

[1]   The REAL ID Act is "an unrelated . . . division" of a larger appropriations bill, Pub. L. No. 109-13, 119 Stat. 310 (2005), and one of the provisions of the REAL ID Act "loosened the jurisdictional restraints of [§] 1252(a)(2)(C)."  Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359 (11th Cir. 2005).  As noted in the body of this Report, this provision restored jurisdiction to courts of appeals to "decide the 'questions of law' an alien raises in a petition to review a final order of removal."  Id.

2

questions of law and fact . . . arising from any action taken or proceeding brought to remove'" an alien. Fagan v. United States, No. 21-13524, 2023 WL 2663239, at *2 (11th Cir. Mar. 28, 2023) (quoting 8 U.S.C. § 1252(b)(9)). "Rather, review of such questions 'shall be available only in judicial review of a final order' of removal in the appropriate court of appeals." Id. (quoting § 1252(b)(9)).

Here, ICE has lodged a "[d]etainer with deportation order[]" against Tejeda. Doc. 6-1 at 8. Despite Tejeda's insistence that he is only challenging the denial of his FSA credits—presumably, so he can proceed under § 2241 in this Court—Tejeda also concedes the denial of his FSA credits is based on what he claims is an "invalid" removal order. Doc. 7 at 1. Id. Thus, Tejeda's challenge necessarily would require the Court to evaluate his claim that the final order of removal is invalid, something this Court is precluded from doing. Jurisdiction lies with the Eleventh Circuit, not this Court. The Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS** Tejeda's Petition.[2]

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Tejeda leave to appeal *in forma pauperis*. Though Tejeda has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

---

[2]   The Court notes Tejeda's assertion that this Court can review his FSA credit claim because the improper denial of credits under the FSA violates his right to due process. Doc. 7 at 1. However, even accepting the contention that the Court can review the claim, this Court has found petitioners do not have any liberty interests in earned time credits under the FSA. See Lozano v. Warden, FSL Jesup, Civil Action No.: 2:24-cv-79, 2025 WL 868214, at *2 (S.D. Ga. Feb. 25, 2025) ("A prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence.") (quoting Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000)), adopted by 2025 WL 860522 (S.D. Ga. Mar. 19, 2025).

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Tejeda *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Tejeda's Petition, and **DENY** Tejeda's Motion for Emergency or Expedited Relief. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Tejeda leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 19th day of August, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA